UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Derrick James Haywood,<br><br>　　　　Defendant | Case No.: 2:16-cr-00296-JAD-PAL-2<br><br>**Order Denying Emergency Motion for Compassionate Release**<br><br>[ECF No. 266] |

Defendant Derrick Haywood moves for an early release from his mandatory ten-year term of imprisonment for conspiring to distribute methamphetamine because the immunosuppressant medication that he takes for his severe psoriasis and rheumatoid arthritis puts him at a greater risk of contracting the COVID-19 virus.[1] The government opposes the motion, responding that Haywood has not exhausted the administrative process before bringing this request, has not identified extraordinary and compelling reasons for relief, and remains a danger to the community.[2] I deny the motion because I do not find that compassionate release is warranted.

## Background

In 2017, Haywood pleaded guilty to conspiring to distribute between 1.5 and 5 kilos of methamphetamine,[3] and this court sentenced him to a mandatory minimum 120-month imprisonment term followed by five years of supervised release.[4] He was committed to the Federal Bureau of Prison's custody and is currently serving his imprisonment term at the

---

[1] ECF No. 266 (motion); ECF No. 268 (counsel's supplement).
[2] ECF No. 274 (opposition).
[3] 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), and (C); *see* ECF No. 132 (plea agreement).
[4] ECF Nos. 166 (minutes); 167 (judgment); 178 (transcript).

Terminal Island Federal Correctional Institution. Haywood is almost 46 years old and suffers from severe psoriasis and rheumatoid arthritis that he has treated for two years with the immunosuppressant Humira.[5] In a counseled motion, he asks for an order reducing his sentence to time served, allowing him to finish his sentence in home confinement, or granting him compassionate release because (1) his medical conditions put him at greater risk from the COVID-19 virus, (2) he claims he poses minimal risk to the community, and (3) he believes that the 18 US.C. § 3553(a) factors support his release.[6] The government opposes the request. It argues that even if Haywood had exhausted the administrative process, only the BOP can release him to home confinement, his medical condition is not an extraordinary and compelling circumstance that warrants release in light of the safety measures BOP has adopted at Terminal Island, and because Haywood remains a danger to the community.[7] In reply, Haywood contends that he did exhaust the administrative process and highlights that he was convicted for a non-violent offense in this case.[8] He seems to abandon his home-confinement request.

## Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[9] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[10] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed

---

[5] ECF No. 274 at 18–19.

[6] *Id*.

[7] *See, e.g.*, *id*.

[8] ECF No. 275.

[9] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[10] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

2

to get the BOP to bring such a motion on his behalf.[11]  The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[12]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[13]

Assuming without deciding that Haywood has exhausted the administrative process,[14] I deny his motion on its merits because he has not demonstrated that his compassionate release is warranted.  Haywood's reasons for wanting release are neither extraordinary nor compelling.  The COVID-19 pandemic is undeniably grave and its impacts on every aspect of American life are unprecedented, and Terminal Island was one of the first federal prisons to suffer an outbreak.  But there are currently only six active cases of infected inmates at Terminal Island,[15] the BOP has implemented a detailed COVID-19 response plan for federal inmates, and the currently reported numbers at Terminal Island suggest that the plan is now working there.[16]  Additionally, neither psoriasis nor rheumatoid arthritis is the type of serious medical condition that the

---

[11] 18 U.S.C. § 3582(c)(1)(A)(i).

[12] *Id*.

[13] *Id.*

[14] *See* ECF Nos. 266; 275 at 2 (detailing Haywood's efforts to exhaust the process).

[15] The BOP's website is currently reporting six COVID-19 cases in the inmate population at FCI Terminal Island.  *See COVID-19: Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited July 2, 2020).

[16] *BOP Implementing Modified Operation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 2, 2020).

Sentencing Commission has deemed worthy of compassionate release,[17] and Haywood's age does not put him at greater risk for contracting COVID-19.[18] And while the immunosuppressant he takes may increase his risk,[19] that risk is mitigated by the BOP's active management of his care and routine COVID-19 testing.[20] The fact that Haywood has remained virus-free despite the widespread outbreak at Terminal Island in April and May[21] further supports that conclusion. So I do not find that Haywood has demonstrated extraordinary and compelling reasons for compassionate release.

But even if Haywood's medical conditions in prison during this pandemic qualify as extraordinary and compelling reasons for compassionate release, the applicable § 3553(a) factors do not justify a sentence reduction for him. Haywood has served just about three and a half years of a statutory mandatory minimum ten-year prison sentence. As that lengthy term suggests, his offense of conviction was a serious one. Haywood admitted in his written plea agreement that when a federal search warrant was executed on the location from which he and

---

[17] *See* U.S.S.G. § 1B1.13, application note 1(A). The Sentencing Commission finds extraordinary and compelling reasons under the medical-condition category when the defendant has (1) a terminal illness or (2) a physical, mental, functional, or cognitive impairment "that substantially diminishes" her ability "to provide self-care within the environment of a correctional facility and from which . . . he or she is not expected to recover." *Id*.

[18] *People Who Need Extra Precautions: Older Adults*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 2, 2020).

[19] *People Who Need Extra Precautions: People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 1, 2020).

[20] *See* ECF No. 268-1 (Haywood's medical records).

[21] Barr, Luke, *More than 1 out of 3 Tested Federal Inmates Were Positive for Coronavirus*, ABC News, https://abcnews.go.com/Politics/tested-federal-inmates-positive-coronavirus/story?id=71275461 ("70% of 967 tested at Terminal Island . . . came back positive").

his co-defendants were distributing controlled substances, FBI agents found a cache of methamphetamine, cocaine, heroin, assorted pills, and marijuana, and Haywood stipulated "that at least 1.5 kilograms but less than 5 kilograms of methamphetamine" were "reasonably foreseeable to him."[22] Importantly, this wasn't his first ten-year drug trafficking sentence either. Haywood received a ten-year sentence for the same type of conduct in a 2004 case in this district—a sentence that, unfortunately, did not deter him from returning to the illegal drug trade.[23]

I don't overlook the positive information for Haywood on the other end of the § 3553(a) spectrum. He notes that he has a support system that includes his fiancé and their three grandchildren with whom he would live upon release.[24] He adds that a former employer would likely rehire him to work at a moving company. But Haywood's poor performance on past supervision terms, including a 2015 supervised-release revocation in his earlier federal case,[25] leaves me highly skeptical of his likelihood of compliance this time around.

In sum, the nature and circumstances of the offenses on which Haywood is currently incarcerated; his history and characteristics; the need for his sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the kinds of sentences available all weigh against releasing him after serving just three and half years of his ten-year sentence. And with this well-documented history of drug

---

[22] ECF No. 132 at 4–5 (plea agreement).

[23] *United States v. Haywood*, 2:04-cr-00070-KJD-PAL-1 (sentence reduced to 120 months under Amendment 706).

[24] ECF No. 268 at 17.

[25] *See United States v. Haywood*, 2:04-cr-00070-KJD-PAL-1 at ECF No. 46 (6/22/15 judgment revoking supervised release). The PSR reflects that Haywood had his probation revoked, absconded from parole, and had his parole revoked with for a 1994 drug offense, too. PSR ¶ 47.

trafficking, recidivism, and supervision violations, I cannot conclude that Haywood would not be a danger to the community if given a six-year break from his statutory mandatory ten-year sentence.

## Conclusion

IT IS THEREFORE ORDERED that Defendant Derrick James Haywood's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) and Authorizing Any Remaining Portion of His Sentence to be Served on Home Confinement **[ECF Nos. 266, 268] is DENIED.**

Dated: July 2, 2020

_____
U.S. District Judge Jennifer A. Dorsey